## MURRAY et al. v. BUCKLEY et al.

(Supreme Court, Special Term, New York County. May 29, 1888.)

PAYMENT—CONTRIBUTIONS TO RELIEF FUND—RIGHT TO RECOVER COMPULSORY PAYMENTS.

Where the provisions of an act for a relief fund by contributions from the members of the order cannot be carried into effect without compulsory contributions, and the courts decide that such contributions are not compulsory, payments made before the decision, under the belief that they were compulsory, should be refunded; the object of the act having failed, no benefit under the act was acquired pending the decision.

Trial by the court.

Thomas P. Wickes, (Henry ·R. Beekman, corporation counsel,) for plaintiffs. James P. Judge, Anderson & Haviland, and H. & F. A. McCloskey, for various defendants.

INGRAHAM, J. This action is brought by the trustees named in section 1 of chapter 486 of the Laws of 1885, for the purpose of ascertaining to whom certain moneys in their hands should be paid. The first section of that act designates the persons who are to constitute the trustees of the relief fund; sections 2 and 3 provide for the creation of the fund, and the persons who are entitled to the privileges of the act; and the fourth section provides for the distribution of the fund. It appears that all the parties interested, including the trustees, understood that the contributions to the fund by the members of the police force was compulsory, and that without such compulsory payment it would be impossible to realize a sufficient fund to meet the requirements of the act. Acting under that construction, the treasurer of the board of police deducted two dollars per month from the pay of the members of the police force, and I think it should be assumed that the contributions made by the other classes entitled to the benefit of the act was made relying upon that construction. It was held, however, by this court, and subsequently by the court of appeals, that the treasurer of the police board had no authority under the act to deduct any sum from the pay of the members of the police force without their consent, (People v. McClave, 7 N. E. Rep. 406;) and under that decision the treasurer of the board of police paid back to the members of the police force the amount which he had deducted from their pay. From this it would appear that none of the members of the police force are willing to contribute to the fund or accept the benefit of the act. It is apparent, from a consideration of the act, that the formation of the fund was the primary object to be attained. The trustees were to administer the fund, and,

on the death of any one contributing, they were to pay out of the money contributed $1,200 to the representative or appointee of the person dying. If there was no fund, the act could not be carried into effect; and, without compulsory contributions of the members of the police force, there would be no fund, as the receipts from the other sources would be entirely insufficient to pay the obligation. When, therefore, it was determined that the pay of the members of the force was not compulsory, and they declined to pay voluntarily, the act could not be carried into effect. This was recognized at the time the question as to the right of the trustees to deduct the two dollars per month from the pay of the members of the police force was first disputed, and the members voluntarily paying were then told that the money paid would be returned to them in case the scheme fell through. I think equity requires that the money paid should be returned to those by whom it was paid, and that, as the object for which the act was passed failed, no right was acquired by the representatives of the members contributing who died pending the decision. Judgment is therefore ordered directing the trustees to repay the money paid to them, with one bill of costs to each counsel who have appeared on the trial.